IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUSSELL SMITH-EL, #219814 | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PJM-13-3870 |
| WEXFORD HEALTH SOURCES, INC. | * | |
| MARK W. HALE | | |
| PAUL MATERA | * | |
| BRUCE FORD | | |
| LYNN COLE | * | |
| CORIZON HEALTHCARE MEDICAL | | |
|   SERVICE, INC. (FORMALLY KNOWN | * | |
|   AS CORRECTIONAL MEDICAL | | |
|   SERVICES, INC.) | * | |
| STUART CAMPBELL | | |
| RICH HALLWORTH | * | |
| KEVIN BICE | | |
| MUNICIPAL CORPORATION | * | |
|   DEPARTMENT OF PUBLIC SAFETY | | |
| GARY D. MAYNARD | * | |
| PHILIP J. PIE | | |
| TOMAS P. SULLIVAN | * | |
| MICHAEL J. STOUFFER | | |
| BRUCE FORD | * | |
|     Defendants. | | |
| | ***** | |

## MEMORANDUM OPINION

### Background

This self-represented 42 U.S.C. § 1983 civil rights action, was received for filing on December 23, 2013. Eastern Correctional Institution ("ECI") inmate Russell Smith-El seeks declaratory relief and compensatory and consequential damages. Affording the self-represented Complaint a generous construction, Smith-el alleges that Defendant medical providers have

engaged in "fraudulent contracts" to provide healthcare for Maryland Department of Public Safety and Correctional Services ("DPSCS") inmates for their own "unjust enrichment."[1] He maintains that his life has been placed at risk of harm with regard to his physical and mental well-being. Smith-El's claims seemingly relate to his experiencing a torn bicep, fractured collarbone, broken toe, and severe rash on his face and body. ECF No. 1 at pg. 24. He takes issue with the "forceful" taking of his blood, his being injected with "small doses of tuberculosis," the performing of x-rays and surgical incisions without his consent and Defendants' access to his health information in violation of the Health Insurance Portability Act of 1996 ("HIPPA").[2] *Id*. at pgs. 27-28.

### Dispositive Filings

Medical Defendants Ford, Hale, Matera and Wexford Health Sources, Inc. ("Wexford") have filed a Motion to Dismiss. ECF No. 14. Smith-El has filed an Opposition "Rebuttal," ECF No. 18, to which Ford, Hale, Matera and Wexford have filed a Reply, and Smith-El has filed a Surreply. ECF Nos. 21 & 25. State Defendants Maynard and Stouffer have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 16. Smith-El has filed an Opposition "Rebuttal." ECF No. 27. Medical Defendants Bice, Campbell, Corizon Healthcare Medical Services, Inc. ("Corizon") and Hallworth have filed a Motion to

---

[1] The Complaint cites to alleged violations of the Sherman Act and the Fifth, Seventh, Eighth, Thirteenth and Fourteenth Amendments raising conclusory claims of "involuntary servitude," "cruel and unusual punishment," and violations of the "Due Process" and "Equal Protection" Clauses.

[2] Smith-El attaches a number of exhibits to the Complaint which relate to: (1) the annual costs for DPSCS health care contracts: (2) Smith-el's medical encounter and blood lab and a tuberculin purified protein derivative ("PPD") test results; (3) records related to Smith-el's biopsy and x-rays; and (4) Smith-el's administrative remedy grievances regarding his medical care. ECF No. 1 at Exhibits.

Dismiss. ECF No. 24. Smith-El has filed an Opposition "Rebuttal." ECF No. 28. Smith-El has filed Motions for Judgment on the Pleadings, which have been opposed by Defendants. ECF Nos. 29-35. Finally, Smith-El has filed a Motion for a Hearing on Summary Judgment. ECF No. 36. The Motions shall be ruled upon without the need for an oral hearing. *See* Local Rule 105.6. (D. Md. 2014)

### Standard of Review

Defendants' Motions are styled as Motions to Dismiss under Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a Complaint if it fails to state a claim upon which relief can be granted. In effect, the Motion "challenges the legal sufficiency of a Complaint." *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) ... does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").

The purpose of the rule is to "test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice," *Iqbal,* 556 U.S. at 678–79, 129 S.Ct. 1937. *See Velencia v. Drezhlo,* RDB-12-0237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Twombly* ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663, 129 S.Ct. 1937.

Smith-El brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Loe v. Armistead,* 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). Self-represented pleadings are held to a less stringent standard than those drafted by attorneys. *Haines,* 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 390–91 (4th Cir. 1990).

**Analysis**

The Court has liberally construed this Complaint to allege that the Medical Defendants forceably subjected Smith-el to testing and surgical procedures. All served Defendants correctly observe that Smith-El has provided no particulars regarding his claims and has alleged "insufficient and conclusory facts." He has failed to identify the health care providers involved in the alleged acts, provide any dates when the medical procedures occurred, or set out what

harm he experienced.[3]  Further, Defendants note that Smith-El presented similar claims in *Smith–El v. Wexford Health Sources, Inc., et al.*, Civil Action No. WDQ-13-893 (D. Md.), which was summarily dismissed for the failure to state a claim.  Defendants further observe that Smith-El has unsuccessfully litigated § 1983 claims against Medical and State defendants regarding the healthcare provided to him while incarcerated.  *See Smith-El v. Mathis, et al.*, Civil Action No. PJM-08-3302 (D. Md.) and *Smith-El v. Maynard et al.*, Civil Action No.  PJM-10-2929 (D. Md.).

The Court finds that Smith-El has failed to state a claim under 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk,* — U.S. —, —, 132 S.Ct. 1497, 1501 (2012).

To state a claim under § 1983, Smith-El must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).  Smith-El's Oppositions and Surreply are replete with legal citations and conclusions that fail to cure his pleading deficiencies.  He continues to cite to

---

[3]     Although Smith-El names Mark Hale, Paul Matera, Bruce Ford, Stuart Campbell, Rich Hallworth, and Kevin Bice, presumably for their role as healthcare-affiliated Defendants, he has failed to articulate any particularized claims against them.

conclusory "buzz" words such as "involuntary servitude," "joint undertaking," "unlawful enrichment," "cruel & unusual punishment," "constructive trust and fraud," but has failed to set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly,* 550 U.S. at 555–56. For these reasons Defendants' Motions to Dismiss shall be granted. Smith-El's Motions for Judgment on the Pleadings and for a Hearing on Summary Judgment shall be denied. A separate Order shall be entered reflecting the opinion entered by this Court.[4]

 

/s/
PETER J. MESSITTE
March 3, 2015                      UNITED STATES DISTRICT JUDGE

---

[4] Service of process was not accepted on Defendants Cole, Municipal Government Department of Public Safety, Pie, and Sullivan. In light of the rulings issued by the Court, the Complaint filed against these Defendants shall be dismissed.